UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH P.,

                          Plaintiff,

v.                                                                  5:24-CV-1008
                                                                         (DNH/ML)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

OLINSKY LAW GROUP                               HOWARD OLINSKY, ESQ.
   *Counsel for Plaintiff*                               DANIEL J. BRADY, ESQ.
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION       KRISTINA D. COHN, ESQ.
   *Counsel for Defendant*
6401 Security Boulevard
Baltimore, Maryland 21235


MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

      Plaintiff Joseph P. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant") denying his application for Social Security Disability Insurance benefits. (Dkt. No. 1.) This matter was referred to me for Report and Recommendation by the Honorable David N. Hurd, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. Nos. 4, 5.) This case has proceeded in accordance with General Order 18.

Currently before this Court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 10, 12, 13.) For the reasons set forth below, this Court recommends that the District Court grant Defendant's motion for judgment on the pleadings and affirm the Commissioner's decision.

I.  **PROCEDURAL HISTORY**

On August 10, 2021, Plaintiff protectively filed an application for Title II Social Security Disability benefits, alleging disability beginning on March 5, 2019. (Administrative Transcript ("T.") 224-32.) His application was initially denied on October 28, 2021, and the denial was affirmed upon reconsideration on June 30, 2022. (T. 110-16, 124-35.) Plaintiff's request for a hearing was granted. (T. 140-193.) On November 30, 2023, Plaintiff testified by telephone before Administrative Law Judge ("ALJ") Jennifer Smith, who also heard the testimony of vocational expert ("VE") David Salewsky. (T. 42-76.) Plaintiff was represented at the hearing by qualified representative Kimberly MacDougall. (T. 44-45.) The ALJ issued an unfavorable decision on December 22, 2023. (T. 17-34.) The Appeals Council denied Plaintiff's request for review on June 27, 2024. (T. 1-6.)

Plaintiff commenced this proceeding on August 15, 2024, to challenge the Commissioner's denial of disability benefits. (Dkt. No. 1.)

II. **GENERALLY APPLICABLE LAW**

A.  Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985

(2d Cir. 1987)).  A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  To facilitate the court's review, an ALJ must set forth the crucial factors justifying his or her findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258 (citations omitted).  Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]."  *Rosado*, 805 F. Supp. at 153.  In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if

the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

B. **Standard for Benefits**[1]

To be considered disabled, a plaintiff-claimant seeking benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff-claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy

---

[1] The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

> that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

### III.    FACTS

As of the date of the ALJ's decision, Plaintiff was 36 years old. (T. 33, 48-49.) Plaintiff resides with his spouse and four children aged 13, 8, 3, and 1 years old, as of the date of the hearing. (T. 53-56.) Plaintiff completed ninth grade and obtained a GED. (T. 49.) Plaintiff's prior work employment includes work as a mechanic at Auto Systems, a welder for Digital Analysis Corporation, a group care worker for Cayuga Home for Children, and a juvenile corrections officer for the State of New York. (T. 49-50.)

Plaintiff alleged disability based on issues with his left shoulder, neck, and left arm. (T. 263.) At his hearing, Plaintiff testified that he was involved in a motor vehicle collision that injured his left shoulder and neck. (T. 51.) Plaintiff testified that after three surgeries, he attempted to return to work but was unable to perform sedentary work at his job. (T. 51-52.) Plaintiff testified that he continues to suffer from physical pain related to his shoulder and neck injury, and he suffers from headaches and cognitive issues, which include difficulties concentrating, focusing, with memory, and with depression. (T. 52-54, 59, 64-65.)

At his consultative examination with Dr. Grassl, Plaintiff denied depressive or anxiety-related symptomology and endorsed "occasional concentration difficulties." (T. 1381.) Plaintiff's mental status examination reflected an anxious affect, mildly anxious mood, a mild impairment in attention and concentration (that was thought to be related to poor math skills),

5

intact recent and remote memory skills, average intellectual functioning, good insight, and good judgment. (T. 1382-1383.)

The record includes Plaintiff's medical and mental health history. Rather than summarizing the records at the outset, I will refer to the pertinent records during my discussion of Plaintiff's arguments.

IV. **THE ALJ'S DECISION**

Based upon her review of the administrative record, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 5, 2019, the alleged onset date. (T. 20.) At step two, the ALJ found that Plaintiff has the following severe impairments: "syncope; obesity; status post arthroscopic subacromial decompression/acromioplasty, arthroscopic resection, debridement of the rotator cuff; status post left shoulder arthroscopic rotator cuff and labral debridement with arthroscopic undersurface rotator cuff repair with biologic xenograft; status post left shoulder arthroscopy rotator cuff repair, labral repair superior, debridement acromioplasty, and open distal clavical exision with AC joint stabilization; cervicalgia; hearing loss; headaches; carpal tunnel syndrome; depressive disorder; anxiety disorder; adjustment disorder with depressed and irritable mood; and stress related disorder." (T. 20.) The ALJ noted that Plaintiff has a history of chronic lumbago, sleep apnea, lattice degeneration of the retina, and hyperlipidemia but there is no evidence that these impairments limit Plaintiff's ability to function in any significant way. (*Id*.)

At step three of the evaluation, the ALJ found that Plaintiff's impairments either singly or in combination did not meet or medically equal the severity of a listed impairment, including Listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)), Listing 1.18 (abnormality of a major joint(s) in any extremity), Listing 2.10 (hearing loss not treated

with cochlear implantation), Listing 11.02 (epilepsy), Listing 11.14 (peripheral neuropathy), Listing 12.02 (neurocognitive disorders), Listing 12.04 (depressive, bipolar and related disorders), Listing 12.06 (anxiety and obsessive-compulsive disorders), and Listing 12.15 (trauma- and stressor-related disorders). (T. 20-22.)  In addition, the ALJ considered Plaintiff's headaches pursuant to SSR 19-4p and obesity pursuant to SSR 19-4p.  (T. 21.)  Next, the ALJ found that Plaintiff could perform less than the full range of light work as defined in 20 CFR 404.1567(b).  (T. 22-32.)  Specifically, the ALJ found that Plaintiff

> should not work at unprotected heights, climb ladders, ropes or scaffolds or work in close proximity to dangerous machinery or moving mechanical parts of equipment; can occasionally balance as defined in the SCO, kneel, crouch, crawl, climb ramps and stairs, and stoop; is right hand dominant and can frequently reach with his right arm; can frequently reach in all directions other than overhead with his left arm; should not reach in any direction above 90 degrees with his left arm; can frequently handle, finger, and feel; can occasionally push and pull with his right arm; can frequently flex, extend and rotate his cervical spine; can tolerate no more than moderate levels of noise as defined in Appendix D of the Selected Characteristics of Occupations, 1993 Edition; should avoid work outdoors in bright sunshine and work with bright or flickering lights such as one would experience with welding or cutting metals; can understand, remember, and carry out simple instructions; can use judgment to make simple work-related decisions; should work in a job with occasional changes in the routine work setting; cannot perform work requiring a specific production rate such as an assembly line or perform work which requires hourly quotas; and should have occasional contact with coworkers, supervisors, and the public.

(T. 22-23.)

In making this RFC determination, the ALJ stated that she considered all of Plaintiff's symptoms, and the extent to which those symptoms could "reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.929" and Social Security Ruling ("SSR") 16-3p.  (T. 23.)  The ALJ further stated that she considered opinion evidence and prior administrative medical findings in

7

accordance with 20 C.F.R. § 404.1520c. (*Id*.) The ALJ also considered Plaintiff's reported symptoms and found that the evidence does not fully support Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms. (T. 24.)

The ALJ then found that Plaintiff is unable to perform past relevant work. (T. 32.) Moving to step five, the ALJ relied upon VE Salewsky's testimony to find that that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, citing the representative occupations of sorter, routing clerk, and mail clerk. (T. 33-34.) Accordingly, the ALJ found that Plaintiff was not disabled from March 5, 2019, through the date of her decision. (T. 34.)

## V.   ISSUES IN CONTENTION

Plaintiff raises one challenge to the ALJ's disability determination: that the RFC determination was not supported by substantial evidence because she failed to properly evaluate the opinion of LCSW Graney. (Dkt. No. 10 at 8-16.) The Commissioner contends that the ALJ properly evaluated all of the record evidence, resulting in an RFC and disability determination that are supported by substantial evidence. (Dkt. No. 12 at 7-15.)

For the reasons set forth below, this Court recommends that the District Court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion for judgment on the pleadings, and affirm the Commissioner's decision.

## VI.   ANALYSIS OF PLAINTIFF'S CLAIM

After carefully considering the matter, this Court recommends granting Defendant's motion for judgment on the pleadings for the reasons stated in his brief. (Dkt. No. 12 at 7-15.) The following is intended to supplement, not supplant, those reasons.

RFC is defined as "'what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citation omitted)). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 11-CV-0927, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting S.S.R. 85-15, 1985 WL 56857, at *6). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

"In deciding a disability claim, an ALJ is tasked with 'weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole,' even if that finding does not perfectly correspond with any of the opinions of cited medical sources." *Tanya S. v. Saul*, 410 F. Supp. 3d 436, 445 (N.D.N.Y. 2019) (quoting *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order)). However, it is well established that ALJs are not medical professionals; therefore, ALJs are "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Id.* (internal quotation marks and citation omitted); *see Charland v. Comm'r of Soc. Sec.,* 13-CV-0492, 2016 WL 1117515, at *2 (N.D.N.Y. Mar. 22, 2016) ("[A]n ALJ cannot assess a plaintiff's RFC based on the ALJ's own interpretation of the medical evidence.").

9

"In other words, there must be substantial evidence to support a finding of functional limitation(s) or lack thereof." *Tanya*, 410 F. Supp. 3d at 445.

Plaintiff contends that the ALJ failed to properly evaluate the opinion of LCSW Graney and thus, the RFC determination was not supported by substantial evidence. (Dkt. No. 10 at 8-16.) This Court disagrees with Plaintiff's contention.

Ms. Graney opined that Plaintiff would not meet competitive standards in the following nine categories: (1) maintain regular attendance and be punctual with customary, usual strict tolerances; (2) sustain an ordinary routine without special supervision; (3) work in coordination with or proximity to others without being unduly distracted; (4) make simple work-related decisions; (5) complete a normal workday and workweek without interruptions from psychologically based symptoms; (6) accept instructions and respond appropriately to criticism from supervisors; (7) get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; (8) respond appropriately to changes in a routine work setting; and (9) deal with normal work stress. (T. 1350.) In addition, Ms. Graney found Plaintiff was seriously limited, but not precluded, in the following three categories: (1) ask simple questions or request assistance; (2) interact appropriately with the general public; and (3) maintain socially appropriate behavior. (*Id*.) Ms. Graney checked boxes on the Medical Source Statement indicating that in her opinion, given Plaintiff's overall impairments and work-related limitations, he would be off task more than 20% of an 8-hour workday. (T. 1351.) In addition, Ms. Graney opined that Plaintiff would be absent from work more than four days per month as a result of his impairments or treatment. (*Id*.)

The ALJ found Ms. Graney's opinion not persuasive because

> Although Ms. Graney has treated [Plaintiff], she has not supported her
> opinion with specific clinical findings and her overall conclusion is

> inconsistent with the totality of the record. For example, Ms. Graney's opinion is inconsistent with her own treatment records, which document ongoing anxiety, depression, and irritability but no other abnormalities including no ongoing attention or concentration abnormalities. Ms. Graney's opinion is also inconsistent with [Plaintiff]'s presentation during his consultative psychological examinations including, his intact attention, concentration, and memory at his April 2022 consultative psychological examination; [Plaintiff]'s presentation during medical appointments with most of his other medical providers; [Plaintiff]'s failed validity testing during his neuropsychological examination; [Plaintiff]'s neurologist's statement that [Plaintiff]'s Montreal Cognitive Assessment results were not consistent with the neurologist's observation of [Plaintiff]; [Plaintiff]'s conservative mental health treatment; [Plaintiff]'s activities of daily living, including his ability to care for his children and father, manage money, and hunt for bear; the opinions of the consultative psychological examiners; and the opinions of the State agency medical consultant. Ms. Graney has not provided any specific objective medical evidence to support her conclusion that [Plaintiff] would miss more than four days of work per month.

(T. 31-32.)

As the ALJ noted, Ms. Graney's opined limitations were inconsistent with her own findings where Plaintiff presented at each appointment (February 8, 2023, March 9, 2023, March 24, 2023, April 11, 2023, April 27, 2023, May 11, 2023, May 31, 2023, June 9, 2023, July 10, 2023, July 25, 2023, August 16, 2023, and September 18, 2023) as "well behaved and cooperative," his memory was grossly intact, his attention and concentration were normal, and his judgment and insight were grossly intact. (T. 1355-1377.)

In addition, other medical sources documented Plaintiff as pleasant (T. 497, 569, 588, 630, 667, 1009), with full orientation (T. 448, 462, 474, 493, 497, 630, 667, 881, 893, 1009, 1019, 1031, 1051, 1064, 1087, 1091, 1340, 1355, 1382, 1588), appropriate mood (T. 448, 462, 497, 630, 667, 881, 893, 1009, 1087, 1325, 1340), intact memory (T. 474, 493, 1019, 1051, 1064, 1355, 1382), clear speech (T. 448, 474, 497, 906, 909, 1019, 1051, 1057, 1060, 1064, 1284, 1298, 1382, 1466), normal affect (T. 462, 497, 630, 667, 881, 893, 906, 909, 1009, 1057,

11

1060, 1087, 1284, 1298, 1466, 1588), and good insight and judgment (T. 1087, 1340, 1355). In addition, Plaintiff's reported activities of daily living included caring for his personal needs, helping with cooking and cleaning, shopping, managing finances, driving, helping his son play baseball, caring for his children (ages 13, 8, 2, and 1), reading, and socializing with family and friends. (T. 53-54, 56, 283, 1020, 1383.)

Further, Dr. Grassl, a consultative psychologist, opined that Plaintiff had no limitations in his ability to sustain concentration and perform a task at a consistent pace and sustain an ordinary routine and regular attendance at work. (T. 1383.) Dr. Shapiro, consultative examiner, opined that Plaintiff had no limitation to sustaining an ordinary routine and regular attendance at work and only a mild limitation in sustaining concentration and performing a task at a consistent pace. (T. 1020.)

Plaintiff's arguments appear to be mere disagreement with the ALJ's analysis of the record, which does not establish that the ALJ cherry-picked the record. *See Snyder v. Comm'r of Soc. Sec.*, No. 22-277, 2023 WL 1943108, at *3 (2d Cir. Feb. 13, 2023) (finding the claimant's accusation of cherry-picking evidence was merely a disagreement with the ALJ's weighing of the evidence, which the deferential standard prevents the court from reweighing) (citations omitted); *see also Karin D., v. Comm'r of Soc. Sec.*, 20-CV-1158, 2022 WL 3355253, at *7 (W.D.N.Y. Aug. 15, 2022) (stating that "an allegation of cherry-picking is 'seldom successful because crediting it would require a court to re-weigh record evidence'" and "what a claimant may label as cherry-picking can often be described 'more neutrally as weighing the evidence.'") (internal citations omitted).

In addition, there is no requirement that the ALJ mention every conflicting piece of evidence. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010).

As a result, this Court finds that the ALJ marshaled substantial evidence to support her RFC finding.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Commissioner's decision be **AFFIRMED**; Defendant's motion for judgment on the pleadings (Dkt. No. 12) be **GRANTED**; Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) be **DENIED**; and Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 27, 2025
       Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge