UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH P.,

               Plaintiff,

        -v-                    5:24-CV-1008

COMMISSIONER OF
SOCIAL SECURITY,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:               OF COUNSEL:

OLINSKY LAW GROUP       HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff        DANIEL J, BRADY, ESQ.
250 South Clinton Street,
Suite 210
Syracuse, NY 13210

SOCIAL SECURITY        KRISTINA D. COHN, ESQ.
   ADMINISTRATION
Attorneys for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On August 15, 2024, plaintiff Joseph P.[1] ("plaintiff") filed this civil action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act") seeking judicial review of a final decision by defendant Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB").  Dkt. No. 1.

Because plaintiff did not consent to the direct exercise of U.S. Magistrate Judge jurisdiction, Dkt. No. 4, the matter was referred to U.S. Magistrate Judge Miroslav Lovric for a Report & Recommendation ("R&R"), Dkt. No. 14.

On November 4, 2024, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 9, and the parties briefed the matter in accordance with General Order 18, which provides that a district court appeal from the Commissioner's administrative denial of benefits is treated as if the parties have filed cross-motions for judgment on the pleadings, Dkt. Nos. 5, 10, 12, 13.

On August 27, 2025, Judge Lovric advised by R&R that plaintiff's motion should be denied, that the Commissioner's motion should be granted, and that the Commissioner's final decision should be affirmed.  Dkt. No. 14.

---

[1]  In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only the first name and last initial of plaintiff will be mentioned in this opinion.

First, Judge Lovric took note of plaintiff's primary contention: the ALJ failed to properly evaluate the opinion of Licensed Clinical Social Worker ("LCSW") Graney and, as a result, plaintiff's residual functional capacity ("RFC") determination was not supported by substantial evidence. Dkt. No. 14. But Judge Lovric advised that: (1) LCSW Graney's opined limitations regarding plaintiff were inconsistent with her own findings; (2) LCSW Graney's opinions were in conflict with a number of other medical opinions; (3) other psychological medical examiners found plaintiff to have either no, or very minimal, limitations and; (4) an ALJ is not required to address every piece of conflicting evidence. *Id*.

Further, Judge Lovric provided the ALJ's precise reasoning as to why both LCSW Graney's opinion was found to be unpersuasive and why it contrasted with the findings by other medical sources. *Id*. Finally, Judge Lovric advised that, while plaintiff's arguments constitute disagreement with the ALJ's analysis, this disagreement does not establish any cherry-picking of the record in reaching their RFC finding. Dkt. No. 14.

Plaintiff has lodged an objection. Dkt. No. 15. First, plaintiff argues Judge Lovric erred in advising that the ALJ properly evaluated the opinion evidence provided by LCSW Graney. *Id*. Specifically, plaintiff argues that Judge Lovric has "rubber-stamped the ALJ's mistake" by premising the supportability factor analysis solely upon objective observations without also

considering the subjective reporting in the record pertaining to plaintiff's mental impairments. *Id*. Instead, plaintiff argues both the ALJ and Judge Lovric reached the same conclusions based on incomplete evidence and, as a result, the supportability analysis was invalid. *Id*.

Second, plaintiff argues Judge Lovric erred in advising that the ALJ properly considered plaintiff's daily living activities in light of LCSW Graney's opinion before finding it was not supported by substantial evidence. Dkt. No. 15. Namely, plaintiff argues that listing out the daily activities they were able to perform without also demonstrating how they are inconsistent with the LCSW's opinion fails to properly evaluate the LCSW's opinion and "precludes meaningful review." *Id*.

Upon *de novo* review, Judge Lovric's R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  September 24, 2025
        Utica, New York.